**UNITED STATES of America,**
**Plaintiff,**

v.

**Darryl David DIXON, Defendant.**

**Crim. A. No. 74–13.**

United States District Court,
D. Delaware.

June 3, 1974.

John H. McDonald, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Nino V. Tinari, Philadelphia, Pa., for defendant.

## OPINION

LAYTON, District Judge.

The Defendant, Darryl David Dixon, moves to inspect the notes of Grand Jury testimony in this case. In support of his motion, he cites the following specialized needs: (1) that he has been deprived of an opportunity to ascertain the basis of the charges against him; (2) that he has no way of determining whether or not there was probable cause for his arrest; and (3) that without being able to determine the basis for the charges against him, he will be at a serious disadvantage when the case goes to trial.

The Government opposes the motion and contends that the Defendant has shown no particular need for the notes and that 18 U.S.C. § 3500 (the "Jencks Act") prohibits the disclosure before trial of the testimony of government witnesses before the Grand Jury.

We begin with Rule 6(e), Federal Rules of Criminal Procedure, and the traditional principle of the secrecy of Grand Jury proceedings. Rule 6 provides that Grand Jury testimony can only be disclosed by direction of the

Court. However, Rule 6 must be read together with Rule 16, which provides for the discovery of the defendant's statement to the Grand Jury, and the Jencks Act, which protects the secrecy of a government witness' testimony. When read together, they set out a three-pronged standard for the disclosure of Grand Jury testimony which turns on whose testimony is sought and when disclosure is permitted.

First, Rule 16(a) provides that a defendant can inspect and copy his testimony before the Grand Jury during the discovery stage of these proceedings.

Second, the Jencks Act precludes a defendant from discovering the Grand Jury testimony of government witnesses and prospective government witnesses until the witness has testified at trial.

Finally, under Rule 6(e) the defendant can obtain the Grand Jury testimony of a nongovernment witness before trial only on a showing of particularized need. United States v. Ahmad, 53 F.R.D. 186 (M.D.Pa.1971); see generally, United States v. Eisenberg, 469 F.2d 156 (8th Cir. 1972) cert. denied, 410 U.S. 992, 93 S.Ct. 1515, 36 L.Ed.2d 190.

■■ The Defendant's motion is directed to all notes of the Grand Jury. Clearly, he is entitled to his own testimony. Equally clearly, he is not entitled at this time to the testimony of government witnesses or prospective government witnesses.

■ The Court further finds that the Defendant has failed to make an adequate showing of particularized need for the notes of the testimony of nongovernment witnesses. The Defendant's characterization of his need in his motion and supporting brief is relatively broad and conclusory, and is more a generalized swipe at Grand Jury secrecy than a specific and factually based showing of a particular need related to the presentation of his defense in this case. Of course, the Defendant may renew the motion should his pre-trial preparation

of the factual basis for the Government's charge show a particular need to use this Grand Jury testimony in the presentation of his defense.